# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID J. CATALDO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WARDEN JAMES A. YATES, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:06-cv-01900-LJO-NEW (DLB) PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED<br><br>(Doc. 10) |

　　　Plaintiff David J. Cataldo ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On February 16, 2007, plaintiff filed a motion seeking an order mandating prison officials stock and maintain an adequate law library, and allow inmates access to the law library as needed for preparation and research.

　　　The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a

///

bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985).

On April 20, 2007, the court dismissed plaintiff's complaint for failure to comply with Federal Rule of Civil Procedure 8(a) and ordered plaintiff to file an amended complaint within thirty days. Plaintiff has not filed an amended complaint and as a result, the court does not yet have before it an actual case or controversy.

Further, assuming that plaintiff files an amended complaint stating cognizable claims for relief under section 1983, plaintiff is not entitled to an order correcting general law library conditions. "[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." Lyons, 461 U.S. at 101, 103 S.Ct. at 1665 (citations omitted); Jones, 444 F.3d at 1126. "Abstract injury is not enough." Lyons, 461 U.S. at 101, 103 S.Ct. at 1665. "[P]laintiff must show that he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." Id. (internal quotations and citations omitted). "The key issue is whether the plaintiff is 'likely to suffer future injury.'" Jones, 444 F.3d at 1126 (quoting Lyons at 105, 1667). When a government agency is involved, it must "be granted 'the widest latitude in the dispatch of its own internal affairs,'" Gomez v. Vernon, 255 F.3d 1118, 1128 (9th Cir. 2001) (quoting Rizzo v. Goode, 423 U.S. 362, 378-79, 96 S.Ct. 598, 608 (1976)),

1  and "[w]hen a state agency is involved, these considerations are, in anything, strengthened
2  because of federalism concerns," Gomez, 255 F.3d at 1128.  "[A]ny injunctive relief awarded
3  must avoid unnecessary disruption to the state agency's 'normal course of proceeding.'" Id. at
4  1128 (quoting O'Shea v. Littleton, 414 U.S. 488, 501, 94 S.Ct. 669, 679 (1974)).

   Based on the foregoing, the court HEREBY RECOMMENDS that plaintiff's motion for
6  preliminary injunctive relief, filed February 16, 2007, be DENIED.

7  These Findings and Recommendations will be submitted to the United States District
8  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within
9  **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file
10 written objections with the court.  The document should be captioned "Objections to Magistrate
11 Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections
12 within the specified time may waive the right to appeal the District Court's order.  Martinez v.
13 Ylst, 951 F.2d 1153 (9th Cir. 1991).

15  IT IS SO ORDERED.
16  Dated:   **June 12, 2007**           /s/ **Dennis L. Beck**
                                      UNITED STATES MAGISTRATE JUDGE

3